This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**SANTINA K. JOHNSON,**

    Petitioner-Appellant,

v.                                         **NO.  31,495**

**JIMMY E. JOHNSON, JR.,**

    Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Santina K. Johnson
Aztec, NM

Pro Se Appellant

Jimmy E. Johnson
Farmington, NM

Pro Se Appellee

## MEMORANDUM OPINION

**FRY, Judge.**

    Petitioner appeals, pro se, the order granting her motion for an order to show cause.  We proposed to affirm in a calendar notice, and we have received a response

from Petitioner. We have considered Petitioner's arguments, but we find them unpersuasive. We affirm.

Petitioner continues to claim that Respondent was required to make payments on the home until it sold. Although the final decree, entered December 28, 2009, stated that Respondent would pay the mortgage until the home sold, that order was superseded by a subsequent order of the district court. [RP 132; 227] Over one year after the entry of the final decree, the district court found it necessary to appoint a special master to effectuate the sale of the house. [RP 227] The district court entered an order stating that, if the home was not sold by July 6, 2011, six months from the date of the order, Respondent was to execute a quitclaim deed giving all of his interest in the property to Petitioner. [Id. 228] At the hearing, the district court confirmed that Respondent was responsible for house payments for six months, including the payment due July 1, 2011. [RP 296] After Respondent relinquished his interest in the house as required by the order, Petitioner was left with all of the equity and Respondent was no longer required to make mortgage payments on Petitioner's property. This was in compliance with the district court's order.

Petitioner claims that she did not want the equity; that the house was, in effect, part of her alimony and she was supposed to be able to live in the house until it sold. Petitioner points to nothing in the record to support her claim that the house payments

were, in effect, part of and in addition to alimony payments. We reject Petitioner's claim.

Petitioner again argues that the travel trailer and medical payments were not made. As discussed in our notice, the travel trailer was awarded to Respondent, not to Petitioner. In addition, Petitioner did not present any medical bills at the hearing, and therefore, the district court had nothing on which to base an award of medical payments. Although Petitioner claims that the medical bills had already been "presented" so there was no reason to ask for them again, the district court found that no bills had been presented. We presume that the district court is correct, and Petitioner has not clearly demonstrated that the district court erred. *See Farmers, Inc., v. Dal Mach. & Fabricating, Inc.*, 111 N.M. 6, 8, 800 P.2d 1063, 1065 (1990).

Petitioner seeks to amend her docketing statement to include a number of claims. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989), *superseded by rule on other grounds as recognized in State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991). Petitioner claims that the district judge should have recused herself because she "is related to one of [Respondent's] ex-bosses." [MIO unnumbered 4] It is within the discretion of the district judge to recuse or not recuse from a case, and that decision

3

will be reversed only upon a showing of an abuse of that discretion. *Demers v. Gerety*, 92 N.M. 749, 752, 595 P.2d 387, 390 (Ct. App. 1978), *rev'd in part on other grounds*, 92 N.M. 396, 406, 589 P.2d 180, 190 (1978). Petitioner has not demonstrated that the district judge abused her discretion by refusing to recuse herself. Petitioner also complains that the body language of the district judge indicated that she was not impartial, and that the decisions by the district judge resulted in an unknown amount of damages to Petitioner. Petitioner makes these allegations but provides no factual or legal support for them. In addition, there is no indication that these claims were properly preserved for purposes of appeal. We hold that the issues included in Petitioner's motion to amend the docketing statement are not viable. We therefore deny the Petitioner's motion to amend the docketing statement.

For the reasons discussed in this opinion and in our calendar notice, we affirm the district court's decision.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____

**LINDA M. VANZI, Judge**